UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUTHER D. GONZALES-HALL,

    Plaintiff,

v.                                       Case No. 20-12912

CITY OF DEARBORN, *et al.*,          Honorable Nancy G. Edmunds

    Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR RECONSIDERATION [52]**

This civil rights lawsuit filed pursuant to 42 U.S.C. § 1983 arises out of an encounter between Plaintiff Luther D. Gonzales-Hall and a number of Dearborn police officers. In a previously issued opinion and order, the Court found that Plaintiff's unlawful arrest and excessive force claims against Defendant Officers Marvin Sanders, Aaron Najor, Peter Hoye, and Steven Vert survive summary judgment. (ECF No. 47.) The matter is now before the Court on Defendants' motion for reconsideration.[1] (ECF No. 52.) For the reasons below, the Court GRANTS IN PART and DENIES IN PART the motion for reconsideration.

**I.  Legal Standard**

In this district, motions for reconsideration of non-final orders may be brought only on the following grounds:

---

[1] Under Eastern District of Michigan Local Rule 7.1(h)(3), no response to a motion for reconsideration and no oral argument are permitted unless the Court orders otherwise.

1

>(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision; (B) An intervening change in controlling law warrants a different outcome; or (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. Local Rule 7.1(h)(2). Defendants rely on the first ground of relief here.

## II.   Analysis

Defendants argue the Court made two "mistakes." First, they argue that the Court should have provided an individualized analysis of the actions of each of the officers, and second, they take issue with what they describe as the Court's analysis of only one of the reasons provided as the basis for the stop—Plaintiff's failure to have a headlamp on his bicycle. The Court addresses each argument in turn.

Defendants argue that an individualized analysis of the actions of each of the officers would have resulted in the dismissal of Plaintiff's claims against Defendants Najor, Hoye, and Vert. Defendants argue that these defendants had probable cause for the arrest because they relied on Defendants Sanders' call to officers to assist with a subject refusing arrest, which was corroborated by their observations of Plaintiff running through a residential area.[2] Defendants also argue that these defendants were only minimally involved in Plaintiff's physical arrest.

"'[I]n the face of a motion for summary judgment, a § 1983 plaintiff must produce evidence supporting each individual defendant's personal involvement in the alleged violation to bring that defendant to trial.'" See *Pineda v. Hamilton Cty.*, 977 F.3d 483, 491 (6th Cir. 2020) (quoting *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 291 (3d Cir.

---

[2] This is the first time Defendants make this argument.

2

2018)). Here, in his response, Plaintiff did not argue that Defendants Najor, Hoye, and Vert were involved in the decision to stop or detain Plaintiff and referred to Defendant Sanders as "the arresting officer." With regard to the excessive force allegations against the defendants other than Defendant Sanders, Plaintiff pointed to video evidence that allegedly showed "[o]fficers . . . rough handling him and pushing him into things while in handcuffs" and "Sanders and other Defendants . . . forcibly pushing [him] into the car while he is hurt, closing the door on his foot."[3] (*See* ECF No. 40, PageID.1443-44.) Plaintiff also testified that he was kicked as he was being placed in the police car, but he was unable to identify which officer did so. (*See* ECF No. 34-3, PageID.319.) This evidence is insufficient to show that Defendants Najor, Hoye, and Vert were each personally involved in the allegedly unconstitutional acts. Thus, the Court grants Defendants' motion for reconsideration to the extent it seeks dismissal of Plaintiff's claims against these defendants.

With regard to the second issue raised as a basis for relief, Defendants repeat the argument they made in their motion for summary judgment that in addition to the lack of a headlamp on Plaintiff's bicycle, there were other facts that provided reasonable suspicion for the stop, including that Plaintiff appeared lost and possibly intoxicated, disregarded Defendant Sanders' directions, and rode his bike inside a restaurant. Defendants also noted that Defendant Sanders had previously investigated a robbery that was committed at a restaurant by someone on a bicycle when he was an officer in

---

[3] There were officers other than the named defendants who were also involved in taking Plaintiff into custody following the chase, including a female officer, who Plaintiff testified may have been the one who picked him up off the ground. (*See* ECF No. 34-3, PageID.317.)

3

the City of Detroit. The Court acknowledged that Defendants provided these additional justifications but noted that they focused on the lack of a headlamp in their reply. (ECF No. 47, PageID.1996 n.3.) Thus, the Court implicitly rejected the argument that these reasons made the stop lawful as a matter of law. *See Howe v. DCC Litig. Facility, Inc.*, No. 05-CV-30326, 2014 U.S. Dist. LEXIS 137340, at *2 (E.D. Mich. Sept. 29, 2014) ("Although a district court may not have addressed all the arguments raised by a party, there is no palpable defect if the district court's order implicitly rejects such arguments") (citing *Savage v. United States*, 102 F. App'x 20, 23 (6th Cir. 2004)).

Even if the Court were to explicitly address the additional reasons, they do not alter the conclusion that there is a genuine issue of material fact as to whether the stop was supported by reasonable suspicion. That Defendant Sanders had investigated a robbery on an unknown date in the City of Detroit that was committed at a restaurant by someone on a bicycle is not sufficient to conclude, on a motion for summary judgment, that there was reasonable suspicion that Plaintiff himself was entering the restaurant to commit a robbery, even when combined with the other information available to Defendant Sanders at the time. Nor did Defendants respond to Plaintiff's argument that any concern regarding a robbery was dissipated during the interaction when restaurant employees told Defendant Sanders that Plaintiff was simply asking for directions. *See Davis v. Walleman*, 596 F. Supp. 3d 877, 888-90 (E.D. Mich. 2022) (finding that a reasonable jury could conclude that, even if arguable reasonable suspicion existed to conduct the stop, it was dispelled during the interaction between the officer and suspect). Defendants note that Plaintiff was lost and possibly intoxicated but do not assert that there was reasonable suspicion that he was in violation of any particular

4

ordinance or law related to intoxication. In sum, Defendants' argument regarding the other proffered reasons for the stop does not alter the conclusion that the issue of the lawfulness of the stop should go to the jury.[4] Thus, the Court denies Defendants' motion for reconsideration to the extent it seeks dismissal of Plaintiff's claims against Defendant Sanders.

### III. Conclusion

For the foregoing reasons, Defendants' motion for reconsideration is GRANTED IN PART and DENIED IN PART. Plaintiff's unlawful arrest and excessive force claims against Defendants Najor, Hoye, and Vert are dismissed from this action, but the same claims against Defendant Sanders remain.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 23, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 23, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

---

[4] Defendants do not take issue with any other aspect of the Court's analysis of Plaintiff's claims against Defendant Sanders.